■ The People of the State of New York, Plaintiff, v Jeffrey Dean, Defendant. Dennis B. Schlenker, Appellant. [732 NYS2d 696] —Carpinello, J. Appeal from an order of the County Court of Greene County (Pulver, Jr., J.), entered August 30, 2000, which, *inter alia,* imposed a sanction against Dennis B. Schlenker.

Dennis B. Schlenker, a sole practitioner who, during the first half of calendar year 2000, was involved in various City, State and Federal trials, became particularly backlogged by his defense of a client in an Essex County capital murder case from September 1999 to March 2000. When he failed to show up for a June 13, 2000 initial conference in this criminal matter (hereinafter the *Dean* case), County Court issued an order scheduling a sanctions hearing. At that hearing, Schlenker established that he was actually engaged in an Albany County criminal trial on the day of the conference in the *Dean* case.

There is no dispute, however, that Schlenker never filed an affidavit of engagement in the *Dean* case to advise County Court of his conflict. At the hearing, County Court was asked to take into consideration the fact that Schlenker had previously written to the court and had conversations with the court

and court personnel of relatively recent vintage wherein his anticipated unavailability during the week of June 12, 2000 was much discussed, albeit in the context of another criminal case. Indeed, it was established that, in the course of this other criminal case, County Court had been informed, via a formal affidavit of engagement and a self-described "rare" telephone conversation between itself and Schlenker's secretary on May 23, 2000, that Schlenker would be engaged in a trial during the second week of June 2000. Notably, County Court confirmed this engagement through a personal conversation with the Judge presiding in that Albany County case. According to Schlenker, as a consequence of his impression that County Court was "personal[ly] familiar[ ]" with his trial schedule for the week of June 12, 2000, he did not file a separate affidavit of engagement in the *Dean* case to alert the court to his unavailability for the June 13, 2000 conference. Unpersuaded by Schlenker's "explanation" for failing to appear at the *Dean* conference, County Court sanctioned him $250. Schlenker appeals.*

In determining whether Schlenker's failure to appear at the scheduled court appearance was "without good cause" thus warranting sanctions, certain factors outlined in 22 NYCRR 130-2.1 (b) admittedly inure to his benefit. Schlenker had an adequate explanation for his failure to appear, i.e., his actual engagement in another matter, and there was no evidence that he had failed to appear at any other scheduled appearances in other matters before County Court. In addition, there was no evidence that his nonappearance at the initial conference in the *Dean* case caused any significant harm to his client or to the People (*see,* 22 NYCRR 130-2.1 [b] [1], [7], [8]; *see also, Matter of Walsh v People,* 206 AD2d 434). The fatal transgression made by Schlenker was his failure to file an affidavit of engagement with County Court in the *Dean* case after he had been notified of the conference (*see,* 22 NYCRR 130-2.1 [b] [2], [3], [5]), as he was obligated to do (*see,* 22 NYCRR 125.1 [e]). Although this transgression does not appear to have been deliberate (*see, ACS-NY v Pizarro,* 285 AD2d 406), given the standard of review that we are obligated to apply, we nevertheless find that County Court did not abuse its discretion in sanctioning Schlenker for his failure to appear (*see, Matter of Gurwitch,* 256 AD2d 180; *compare, ACS-NY v Pizarro, supra*).

* The notice of appeal filed by Schlenker from County Court's order is deemed an application for leave to appeal from the order and leave to appeal is granted (*see,* CPLR 5701 [c]; *see also, Hardy v Hardy,* 281 AD2d 515; *Matter of Andy L.,* 238 AD2d 593).

Given the particular facts of this case, however, we find the sanction excessive (*see, Hardy v Hardy,* 281 AD2d 515) and, therefore, reduce it to $50 (*see, Matter of Gurwitch, supra; Matter of Andy L.,* 238 AD2d 593).

Schlenker's remaining contention has been reviewed and found to be without merit.

Crew III, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reducing the amount of the sanction from $250 to $50 and, as so modified, affirmed.