■ AIMEE GUTIN-NEDO, an Infant, by JULIA HAMILTON, Her Mother and Guardian, et al., Plaintiffs, v MARSHALL, CHEUNG & DIAMOND, P.C., et al., Respondents. ANDREW ROSNER, Appellant. [753 NYS2d 548] —Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 1, 2002 in Rensselaer County, which imposed sanctions against plaintiffs' attorney.

Andrew Rosner is plaintiffs' attorney in this medical malpractice action, which was scheduled for trial on February 4, 2002. As the result of Rosner's involvement in another trial, substitute counsel informed Supreme Court and opposing

counsel at a pretrial conference on January 15, 2002 that it was improbable that Rosner would be able to undertake the trial as scheduled. Rosner reminded the court and opposing counsel of this probability by fax dated January 18, 2002, in response to which the court instructed Rosner to make arrangements for substitute trial counsel instead of applying for an adjournment. Unsuccessful in his attempts to obtain substitute trial counsel and realizing that he would be unavailable to commence the trial as scheduled, on January 30, 2002, Rosner served the court and opposing counsel an affirmation of actual engagement. In response to Rosner's submission, the court, sua sponte and without conducting a hearing, adjourned the trial on condition that Rosner pay a sanction of $1,000, imposed pursuant to 22 NYCRR subpart 130-2, and amended a previously issued order which imposed sanctions against plaintiffs, making Rosner personally liable therefor. This appeal ensued.*

We reverse. 22 NYCRR subpart 130-2 authorizes a court to impose financial sanctions upon an attorney for unjustified failure to attend a scheduled court appearance in an action or proceeding. The rule enumerates a number of attendant circumstances which the court is directed to consider in determining whether the attorney's failure to appear was without just cause and, if so, in determining the measure of sanctions or costs to be imposed.

It is well settled that motions for adjournments are addressed to the sound discretion of the court in which the action is pending (*see Matter of Anthony M.*, 63 NY2d 270, 283; *Matter of Tina T. v Steven U.*, 243 AD2d 863, *lv denied* 91 NY2d 805). The exercise of such discretion will not be disturbed in the absence of clear abuse after consideration of all of the relevant factors, including the intent or lack thereof to deliberately delay the action (*see Matter of Croce v Croce*, 236 AD2d 646, 648; *Wilson v Wilson*, 97 AD2d 897, 898). In our view, Supreme Court correctly granted the adjournment, but improvidently exercised its discretion in formulating the conditions attached thereto. First, the court and opposing counsel were aware several weeks prior to the scheduled trial date of Rosner's possible unavailability. Second, Rosner filed the required affirmation of engagement and it is not disputed that he was actually engaged

---

* Since Rosner is a nonparty appellant, his notice of appeal should be treated as an application for leave to appeal (*see* CPLR 5701 [a], [c]). Leave to appeal is granted (*see People v Dean*, 288 AD2d 636, 637 n, *lv dismissed* 97 NY2d 743; *Hardy v Hardy*, 281 AD2d 515, 516; *Matter of Andy L.*, 238 AD2d 593).

in trial in another court (*compare People v Dean*, 288 AD2d 636, *lv dismissed* 97 NY2d 743). Third, a significant number of the factors required to be considered by the court under 22 NYCRR 130-2.1 (b) in determining the absence of good cause inured to the benefit of Rosner. His adequate explanation for his inability to commence the trial as scheduled was seasonably given to the court and to opposing counsel; his attempt to obtain substitute trial counsel was unsuccessful due to the complexity of this medical malpractice case, which limited the number of available trial counsel and impeded the ability of substitute counsel to properly prepare for trial; and there is no evidence in the record that he failed to appear in this action on any previous occasion, that he had been previously sanctioned in this matter or that harm was caused to opposing counsel by adjournment of the trial. Moreover, the protracted length of trial time in his previous engagement was beyond his control and could not have been sooner anticipated by him. These factors constitute sufficient good cause to avoid the imposition of sanctions.

Finally, we note two additional infirmities in Supreme Court's decision and order. First, contrary to 22 NYCRR 130-2.1 (d), Rosner was given no opportunity to be heard on the issue of sanctions. Second, by amending the court's previous order, nunc pro tunc, to make Rosner personally liable for sanctions imposed on plaintiffs, the total sanction imposed herein exceeds the statutory maximum of $2,500 for this single failure to appear (*see* 22 NYCRR 130-2.2). In sum, under the circumstances of this case, we conclude that imposition of these monetary sanctions constituted an abuse of discretion.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs.