[784 NYS2d 441]

In the Matter of THOMAS C. KINGSLEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 19, 2004

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Stewart L. Weisman*, Manlius, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 12, 1980, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct, including conduct involving deceit and misrepresentation. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation that resolved certain outstanding issues of fact. After the hearing, the Referee filed a report, which the Grievance Committee and respondent move to confirm.

The Referee found, based largely upon the admissions of respondent, that respondent: directed the service of a subpoena on a witness without court approval at a time when no action was pending; failed to notify opposing or interested parties of the subpoena or the deposition that he conducted pursuant to the subpoena; filed an affidavit in support of an application to rescind the maintenance obligation of his client that contained a misleading statement; and engaged in an ex parte communication with the Support Magistrate assigned to hear the client's matter. Additionally, the Referee concluded that the actions of respondent were not deceitful and resulted from his lack of training and experience in matrimonial matters.

We confirm the factual findings made by the Referee. We disagree, however, with the conclusion of the Referee that the conduct of respondent was not deceitful.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered the matters submitted by respondent in mitigation. We note, however, that respondent previously received two letters of admonition and that the Referee found that respondent's hearing testimony lacked candor. Accordingly,

after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court.

PIGOTT, Jr., P.J., GREEN, HURLBUTT, KEHOE and HAYES, JJ., concur.

Order of suspension entered.