■ The People of the State of New York, Respondent, v Christopher Allen, Defendant. John A. Aretakis, Appellant. [824 NYS2d 687]—

Carpinello, J. Appeal from an order of the County Court of Rensselaer County (Hummel, J.), entered March 16, 2005, which, *inter alia*, imposed sanctions against John A. Aretakis.

Following this Court's reversal of defendant's rape conviction (13 AD3d 892 [2004], *lv denied* 4 NY3d 883 [2005]), John A. Aretakis, an attorney and long-time friend of defendant's family, agreed to represent him pro bono at the retrial. Following recusal of the judge who presided over the first trial, Judge

---

Christian Hummel was assigned to the matter. Aretakis thereafter moved to recuse him from the case on various grounds. This was not the first time that Aretakis had sought Hummel's recusal from a case wherein he represented a party.

Approximately 16 months earlier, Aretakis had sought Hummel's recusal in the context of a civil case involving claims of clergy sexual abuse. In that matter, Aretakis accused Hummel of criminal activity, among other improper conduct. In two separate decisions in that case, recusal was denied. Moreover, Aretakis was forewarned in the second of those decisions that similar, baseless accusations against Hummel would result in a hearing to determine if he should be held in contempt. Aretakis apparently never sought review of either decision from this Court. In his instant recusal motion, Aretakis boldly reiterated some of his earlier accusations, including the accusation that Hummel engaged in criminal activity. In addition to denying the motion for recusal, Hummel sua sponte sanctioned Aretakis $7,500 for his frivolous conduct, citing 22 NYCRR 130-1.1 and 130-1.2. Aretakis now appeals.*

While we have no quarrel with the denial of Aretakis's recusal motion, a procedural infirmity mandates remittal of the matter with respect to the issue of sanctions. Notwithstanding the prior admonition that Aretakis would be subject to a contempt proceeding if he continued to make baseless allegations against Hummel, Aretakis was never given notice, and thus any opportunity to be heard, that Hummel was considering the imposition of sanctions. As it appears that the imposition of sanctions might certainly be warranted, we remit the matter to afford Aretakis the opportunity to be heard. As a final matter, we note that 22 NYCRR 130-1.1 (a) vests a court with the authority to "impose financial sanctions upon any party or attorney in a *civil* action or proceeding who engages in frivolous conduct" (emphasis added). While Aretakis has not raised this precise issue, we conclude that since the matter before us is a criminal matter, sanctions should have been imposed, if appropriate, under Judiciary Law §§ 750 and 751.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, by striking the imposition of sanctions against John A. Aretakis; matter remitted to the County Court of Rensselaer County (Hummel, J.) for

---

* Since Aretakis is a nonparty appellant, his notice of appeal will be deemed an application for leave to appeal (*see* CPLR 5701 [c]), with leave granted by this Court (*see Gutin-Nedo v Marshall, Cheung & Diamond*, 301 AD2d 728, 729 n [2003]; *People v Dean*, 288 AD2d 636, 637 n [2001], *lv dismissed* 97 NY2d 743 [2002]).

further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.