**Robert M. HOATSON, Plaintiff–
Appellant–Cross–Appellee,**

v.

**NEW YORK ARCHDIOCESE, Edward
Egan, The Roman Catholic Diocese of
Albany, Howard J. Hubbard, The New-
ark Archdiocese and John J. Myers,
Congregation of Christian Brothers,
John O'Brien, Laurence Boschetto,
Paul Kevin Hennessy, Defendants–Ap-
pellees–Cross–Appellants.**

Nos. 07–0854–cv(L), 07–1023–cv(XAP),
07–1052–cv(XAP), 07–1087–cv(XAP),
07–1147–cv(XAP).

United States Court of Appeals,
Second Circuit.

June 2, 2008.

John A. Aretakis, Law Offices of John A. Aretakis, Esq., New York, NY, for Plaintiff–Appellant.

Paul J. Curran (Daniel R. Alonso, Robert Grass, on the brief), Kaye Scholer LLP, New York, NY, for defendants-appellees New York Archdiocese and Edward Cardinal Egan.

Charles M. Carella (Raymond W. Fisher, on the brief), Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, for defendants-appellees The Archdiocese of Newark and Archbishop John J. Myers.

Michael L. Costello, Tobin & Dempf, LLP, Albany, NY, for defendants-appellees The Roman Catholic Diocese of Albany and Howard J. Hubbard.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Plaintiff Robert M. Hoatson ("Hoatson") appeals from an order of the United States District Court for the Southern District of New York (Crotty, *J.* ), dated February 13, 2007, dismissing his civil RICO and Title VII claims against the New York Archdiocese, Edward Egan, The Archdiocese of Newark, John J. Myers, The Roman Catholic Diocese of Albany, Howard J. Hubbard, Congregation of Christian Brothers, John O'Brien, Laurence Boschetto and Paul Kevin Hennessy (collectively, "defendants"), and sanctioning his attorney, John A. Aretakis, in the amount of $ 8,000. All defendants cross-appealed only that portion of the order that sanctioned Aretakis, arguing that the sanction amount was too low. We assume the parties' familiarity with the underlying facts and procedural history of this case.

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit sitting by designation.

Hoatson makes two principal arguments on appeal: first, that the district judge erred by not recusing himself from this case, and second, that the district court erred in sanctioning Aretakis. Because Hoatson's brief fails to make any argument that the district court erred in dismissing his RICO and Title VII claims, we consider any possible challenge to dismissal of those claims to be waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

*Recusal*

Defendants argue that we lack jurisdiction over the district court's non-recusal decision because Hoatson does not argue that the dismissal of his substantive legal claims was error, leaving the absence of an underlying controversy. Although there is some force to this argument, we believe Hoatson's challenge to Judge Crotty's recusal decision is a genuine controversy. Defendants' argument is more akin to a claim of harmless error—that regardless of whether Judge Crotty should have recused himself, Hoatson suffered no prejudice because he has not properly appealed the dismissal of his federal claims. We need not engage in a harmless error analysis here, however, because Judge Crotty's recusal decision was not an abuse of discretion. *See United States v. Amico*, 486 F.3d 764, 773 (2d Cir.2007) (reviewing denial of a motion to recuse under 28 U.S.C. § 455 for abuse of discretion); *see also Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir.1987) (same for recusal motion made under 28 U.S.C. § 144).

Hoatson argued that three factors created the appearance of impropriety and bias by Judge Crotty in favor of the Archdiocese of New York and Cardinal Egan.[1] First, Judge Crotty is a member of the Guild of Catholic Lawyers of the Archdiocese of New York ("Catholic Lawyers Guild") and has received an award from that organization. Judge Crotty explained that this organization meets on a monthly basis for discussion relating to a particular subject, such as Catholic education or Catholic commitment to social justice. Judge Crotty stated that he "attends those meetings from time to time." This social and educational involvement would not lead a reasonable person to question Judge Crotty's impartiality. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992) (looking to whether a "reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned"). Second, Judge Crotty's brother is President of the Catholic Lawyers Guild and a partner in a law firm that represents the Archdiocese of New York in other litigation. Just as Judge Crotty's involvement in the Catholic Lawyers Guild does not create an appearance of impropriety, nor do his brother's activities in that organization. Any pecuniary interest that Judge Crotty's brother may have in the instant litigation by virtue of his status as a partner in a law firm that represents the Archdiocese in other litigation is too "remote, contingent, indirect or speculative" to lead a reasonable person to question Judge Crotty's impartiality. *See id.* at 815 ("Where a case ... involves remote, contingent, indirect or speculative interests, disqualification is not required."). Finally, Judge Crotty's wife is employed by a communications company that represents a

---

1. Hoatson conceded that his allegation of bias only concerned the Archdiocese of New York and Cardinal Egan. He did not question Judge Crotty's impartiality with respect to the other defendants.

community group seeking to preserve a particular church in New York City that the Archdiocese wants to demolish. This alleged interest is not only adverse to the Archdiocese, it is also too "remote," "indirect" and "speculative" to create any appearance of impropriety by Judge Crotty. *See id.*; *see also United States v. Bayless,* 201 F.3d 116, 127 (2d Cir.2000) (explaining that courts determine the appearance of impropriety "not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge").

*Sanctions*

John A. Aretakis, Hoatson's attorney, also argues that the district court improperly sanctioned him. Here, the notice of appeal identifies only the plaintiff as appealing. A litigant may not appeal sanctions issued only against his attorney, *see Corroon v. Reeve,* 258 F.3d 86, 90 (2d Cir.2001), and an attorney who seeks to appeal a sanctions order is required to file a separate notice of appeal or to list himself in the caption or body of the notice of appeal filed by a party to the district court proceedings. *See id.*; *see also* Fed. R.App. P. 3(c). Aretakis did neither. Arguably, however, because only Aretakis was sanctioned, the notice of appeal could be read as objectively indicating his intent to participate as a party. *Compare Garcia v. Wash,* 20 F.3d 608, 610 (5th Cir.1994) (per curiam) (finding jurisdiction over an attorney's appeal of sanctions even though he was not listed in the notice of appeal where only the attorney was sanctioned and where the notice was "sufficiently clear to show [ ] intent to appeal the sanction order"), *with Agee v. Paramount Commc'ns, Inc.,* 114 F.3d 395, 399 (2d Cir.1997). We need not determine wheth-

er Aretakis's intent to participate as a party on appeal was objectively clear, because the sanctions order was not an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (holding that abuse of discretion standard applies to "all aspects of a district court's Rule 11 determination").

"Rule 11 is violated when it is clear under existing precedents that a pleading has no chance of success and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Corroon,* 258 F.3d at 92; *see also Margo v. Weiss,* 213 F.3d 55, 65 (2d Cir.2000) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness."). In this case, the district court found that "the pleadings are so far removed from adequate ...; the bulk of the allegations dealing with sexual abuse are wholly irrelevant to the RICO claim[;] and[ ] the Title VII claim is admittedly without basis in law." For example, to avoid the clear law of the Circuit that termination for failure to participate in a RICO conspiracy does not give rise to standing to bring a civil RICO claim, Aretakis asserted at oral argument "that his client had not been terminated as alleged numerous times in the amended complaint, but rather that his job had been stolen from him." Aretakis's pleadings on the RICO claim repeated "almost word for word the precise allegations" that Judge Hurd of the United States District Court for the Northern District of New York "found to be wholly irrelevant to the RICO claim and completely inadequate for alleging a RICO violation." The district court in this case concluded that, "[h]aving been told that [those] pleadings were inadequate, simple repetition here cannot have been in good faith or done after a reasonable inquiry." In addition, with respect to the Title VII claim, Aretakis conceded that Hoatson had not exhausted administrative

remedies by filing a complaint with the EEOC. Hoatson's Title VII claim is also untimely and rests on a theory of sexual orientation discrimination, which this Circuit has stated is not within the ambit of Title VII, *see Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir.2000) ("The law is well-settled in this circuit and in all others to have reached the question that ... Title VII does not prohibit harassment or discrimination because of sexual orientation."). Aretakis offered no argument for reversing this settled law. In sum, the district court did not abuse its discretion in deciding to sanction Aretakis under Rule 11.

Although each of the defendants cross-appealed the sanctions order as too low an amount, we afford the district court a wide range of discretion in setting an amount for Rule 11 sanctions, and the restrained $8,000 sanction in this case did not fall outside that permissible range. *See Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir.1987).

For the foregoing reasons, we AFFIRM the district court's judgment.