■ In the Matter of JOHN A. ARETAKIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [869 NYS2d 638]—

Per Curiam.

Having issued an order declaring that no factual issues were raised in this matter and having heard respondent in mitigation (*see* 22 NYCRR 806.5), we now find respondent guilty of professional misconduct as charged and specified in the petition.

As set forth in charge one, respondent engaged in frivolous conduct by making false accusations against judges, which accusations were prejudicial to the administration of justice, engaged in conduct that adversely reflects on his fitness as an attorney, asserted positions which served to harass and maliciously injure, knowingly made false statements of law and fact, and engaged in undignified and discourteous conduct degrading to the court, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7); DR 7-102 (a) (1) and (5); DR 7-106 (c) (6); and DR 8-102 (b) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.33 [a] [1], [5]; 1200.37 [c] [6]; 1200.43 [b]). The charge is based upon the following decisions by federal and state trial courts which assessed sanctions against respondent.

In 2005, Christian F. Hummel, Acting County Judge of Rensselaer County, sanctioned respondent for his frivolous conduct in making a recusal motion in a criminal matter. Judge Hummel found that respondent had made reckless and unsubstantiated charges that the Judge had participated in a criminal conspiracy to predetermine cases, had committed federal mail fraud, had regularly engaged in impermissible ex parte communications, and had engaged in a conspiracy to tamper with court files. On appeal, this Court found that any such sanctions should have been imposed under Judiciary Law §§ 750 and 751 rather than 22 NYCRR 130-1.1 (*People v Allen*, 34 AD3d 1044 [2006]). Upon remittal, Judge Hummel held a hearing, found respondent in contempt of court pursuant to Judiciary Law § 750 and imposed the maximum allowable fine (*see* Judiciary Law § 751 [1]).

By decision dated September 6, 2007, Gary L. Sharpe, District Judge of the United States District Court for the Northern District of New York, sanctioned respondent pursuant to Federal Rules of Civil Procedure rule 11 for engaging in frivolous conduct in connection with the commencement of an action alleging various theories of liability against the Catholic Church and federal government. By a further letter decision, Judge Sharpe made clear his conclusion that a number of the allegations in the complaint filed by respondent were not only absolutely irrelevant to the plaintiff's claims, but their recitation was an intentional effort by respondent to use the litigation to further "his personal vendetta" against the Catholic Church. By further decision in August 2008, Judge Sharpe also awarded counsel fees to the United States and the Catholic Church defendants, to be paid by respondent. By motion decision dated October 27, 2008, the United States Court of Appeals for the Second Circuit, among other things, denied respondent's

motion for a stay of the imposed sanctions subject to further review by a merits panel.

By decision dated February 8, 2007, Paul A. Crotty, District Judge of the United States District Court for the Southern District of New York, sanctioned respondent pursuant to Federal Rules of Civil Procedure rule 11 for engaging in frivolous conduct. Judge Crotty found that respondent's conduct was sanctionable because it was "sloppy and unprofessional; the pleadings are so far removed from adequate that they cannot be said to have been filed in good faith or after a reasonable inquiry; the bulk of the allegations dealing with sexual abuse are wholly irrelevant to the RICO claims, and the Title VII claim is admittedly without basis in law." By summary order in June 2008, the United States Court of Appeals for the Second Circuit affirmed Judge Crotty's decision (*Hoatson v New York Archdiocese*, 280 Fed Appx 88 [2008]).

Lastly, by decision dated December 13, 2007, Shirley Werner Kornreich, Justice of the Supreme Court, New York County, found that respondent's assertions in a defamation action were completely baseless and served only to harass the defendants. The court granted in part a motion for sanctions against respondent pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 and, by decision dated October 7, 2008, awarded reasonable counsel fees to the defendants and a sanctions award of costs to be paid by respondent.

As set forth in charge two, respondent knowingly made false accusations against a judge that were prejudicial to the administration of justice and adversely reflected on respondent's fitness as an attorney, in violation of the Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 8-102 (b) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.43 [b]). Essentially, respondent made an unwarranted, unprofessional and demeaning personal attack against a town justice in court papers.

In mitigation, we have considered that respondent has no public disciplinary record and that his misconduct has already been punished to some extent by sanctions. However, we find that this record clearly shows that respondent has repeatedly crossed the line separating zealous advocacy from professional misconduct. Accordingly, we conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be suspended from practice for a period of one year.

Rose, J.P., Lahtinen, Kane, Kavanagh and Stein, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition of charges;

and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provision of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).