■■ In the Matter of DAVID A. YOUNG, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [889 NYS2d 873]—

Per Curiam.

By order dated November 21, 2006, the Supreme Court of New Hampshire disbarred respondent for professional misconduct. According to the order, respondent intentionally and knowingly made false statements that exposed a former personal injury client to a potential loss of a previously obtained settlement. The statements were made in a letter to the former client's new counsel regarding respondent's claimed attorney's lien, and in objections that respondent filed in response to a motion to settle and determine his lien. Respondent also stipulated to various technical escrow violations.

Petitioner moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent opposes the motion and has filed a copy of the record of the New Hampshire disciplinary proceeding. He contends that there was an infirmity of proof establishing the misconduct and that the imposition of discipline would be unjust (*see* 22 NYCRR 806.19

[d] [2], [3]). We disagree, and accordingly grant petitioner's motion.

Having considered the conduct that gave rise to respondent's discipline in New Hampshire and having heard respondent in mitigation, we conclude that a two-year suspension is appropriate herein (*see e.g. Matter of Channing*, 66 AD3d 1110 [2009]; *Matter of Gold*, 64 AD3d 990 [2009]; *Matter of Aretakis*, 57 AD3d 1160 [2008]).

Mercure, J.P., Spain, Kane, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further

Ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further

Ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

Ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).