16-881-cv
Steinberg v. Elkman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

Jonathan Roger Steinberg,

> *Plaintiff-Appellant*,

> v.                                                                                         **16-881-cv**

Stephen M. Elkman, Alan Gerst, Robert Eli
Michael, Andrew Cuomo,

> *Defendants-Appellees*.

---

FOR APPELLANT:                JONATHAN R. STEINBERG, pro se, Law Office of J.R.
                              Steinberg, New York, NY.

**FOR APPELLEES:**     ROBERT ELI MICHAEL, Robert E. Michael & Associates, New York, NY, and MARK SHAWHAN, New York State Office of the Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jonathan R. Steinberg, an attorney proceeding pro se, appeals from the district court's judgment dismissing his complaint brought pursuant to 42 U.S.C. § 1983 and state law against Alan Gerst (the owner of Queen's Import Motors ("QIM")), Robert Michael (an attorney who represented Gerst in a previous, related state court proceeding concerning the sale of an Aston Martin DB5), Stephen Elkman (who later obtained ownership of the Aston Martin DB5 at a sheriff's auction), and Governor Andrew Cuomo. Steinberg alleged in his complaint, *inter alia*, that he was denied due process in the prior state court proceedings, a sanctions order levied by the state court was improper, the sale of the Aston Martin DB5 constituted a fraudulent conveyance under state law, and Governor Cuomo failed to investigate properly the state court corruption.[1] The district court dismissed the complaint for lack of subject matter jurisdiction, determining that sovereign immunity barred Steinberg's claims against Governor Cuomo and that the *Rooker-Feldman* doctrine barred his remaining claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a dismissal for lack of subject matter jurisdiction, based on either sovereign immunity or the *Rooker-Feldman* doctrine, we review legal conclusions *de novo*. *See*

---

[1] Steinberg raised other state law claims in his complaint, but has failed to challenge the district court's dismissal of these claims and, therefore, has abandoned any challenge on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

*Beaulieu v. Vermont*, 807 F.3d 478, 483 n.1 (2d Cir. 2015); *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

Sovereign immunity bars suit against a state official sued in his official capacity, unless Congress has abrogated that immunity or the state has consented to suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 & n.9 (1984); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993). Congress has not abrogated sovereign immunity for § 1983 claims, *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), nor has New York waived immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977). Under the *Ex parte Young* exception, however, sovereign immunity does not bar suit when the litigant seeks prospective relief based on an "ongoing violation of federal law," *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002), that the state official has "some connection" with enforcing, *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005) (quoting *Ex parte Young*, 209 U.S. 123, 154, 157 (1908)). Applying these principles, we conclude that the district court properly determined that sovereign immunity barred Steinberg's claims against Governor Cuomo, who was sued in his official capacity. The *Ex parte Young* exception to sovereign immunity does not apply here: Steinberg did not seek prospective relief based on an ongoing violation of federal law but instead sought readjudication of his state law claims, and, in any event, Governor Cuomo had no connection with enforcing or reviewing decisions rendered by the state judiciary in the circumstances presented here. *See Verizon*, 535 U.S. at 645; *In re Dairy Mart*, 411 F.3d at 372-73.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia Court of*

3

*Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). A claim is barred under the *Rooker-Feldman* doctrine when (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (citation omitted).

Upon review, we conclude that the district court properly determined that the *Rooker-Feldman* doctrine barred Steinberg's claims that the state court proceedings were procedurally improper and that the sanctions order constituted Hobbs Act extortion. *See id*. We hold, however, that the *Rooker-Feldman* doctrine did not bar Steinberg's state law fraudulent conveyance claim, which turned on who owned the DB5, because the state court explicitly declined to address the question of ownership. *Steinberg v. Queen's Import Motors*, N.Y. Supreme Court 114728/1999, doc. 36 (January 2008 Decision) at 9-10. Deciding Steinberg's fraudulent conveyance claim did not require the district court to review the state court decision. *Rooker-Feldman*, therefore, did not apply. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85-86 (2d Cir. 2005).

Nonetheless, we affirm the district court's dismissal of Steinberg's fraudulent conveyance claim on the alternative basis that it lacked merit. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). New York's fraudulent

4

conveyance statute generally prohibits a debtor from transferring assets to avoid satisfying his debt. *See Mitchell v. Garrison Protective Serv., Inc.*, 819 F.3d 636, 641 (2d Cir. 2016); *see also Sharp Int'l Corp. v. State Street Bank & Trust Co.*, 403 F.3d 43, 53-57 (2d Cir. 2005) (applying New York's fraudulent conveyance statute); N.Y. Debt. & Cred. Law §§ 273-76 (defining actual and constructive fraudulent conveyances). QIM's sale of the DB5 was plainly not a fraudulent conveyance because QIM was not a debtor. A review of the record, oral argument transcript, and state court docket reveals that QIM sold Steinberg's DB5—pursuant to an auction held by the Sheriff of the City of New York—to satisfy a judgment that it had obtained against Steinberg for $30,000 in legal fees. *See Steinberg*, N.Y. Supreme Court 114728/1999, doc. 127. Steinberg cannot challenge that sale by inaccurately characterizing it as a fraudulent conveyance, and has raised no meritorious challenge to QIM's sale of the DB5.

We have considered Steinberg's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
