Matter of Steinberg (2018 NY Slip Op 08451)





Matter of Steinberg


2018 NY Slip Op 08451


Decided on December 11, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, John W. Sweeny, Jr., Sallie Manzanet-Daniels, Angela M. Mazzarelli, Troy K. Webber, Justices.


&em;

[*1]In the Matter of Jonathan R. Steinberg, an attorney and counselor-at-law: Attorney Grievance Committee M-3037 for the First Judicial Department, Petitioner, Jonathan R. Steinberg, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jonathan R. Steinberg, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 20, 1983.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Si Aydiner, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Jonathan R. Steinberg was admitted to the practice of law in the State of New York by the Third Judicial Department on September 20, 1983. At all times relevant to this proceeding, respondent has certified to the Office of Court Administration that he is retired from the practice of law. Nevertheless, respondent has provided legal services pro bono under 22 NYCRR 118.1(g) and he currently maintains an office for the practice of law within the First Judicial Department.
In 2017, the Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges alleging that respondent was guilty of professional misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(f)(2) (undignified or discourteous conduct before a tribunal), 3.5(a)(2) (ex parte communication with a judge as to the merits of the matter being litigated), 8.4(d) (conduct prejudicial to the administration of justice), and 8.4(h) (other conduct adversely reflecting on fitness as a lawyer). Respondent's misconduct is not in dispute. The first charge related to a decision and order entered February 11, 2010, in which the Hon. Shirley Kornreich sanctioned respondent $28,600 in attorneys' fees for frivolous litigation conduct as a pro se plaintiff in an action entitled Steinberg v Queens Import Motors, et al. (Supreme Court, New York County), and directed him to pay an additional $5,000 to the Lawyers' Fund for Client Protection for what the court characterized as "egregious" conduct [FN1]. When an automobile at issue in that underlying litigation was sold at a sheriff's auction to satisfy the judgment for legal fees, respondent unsuccessfully challenged the sale as a fraudulent conveyance (Steinberg v Elkman, 2016 WL 796870, 2016 US Dist LEXIS 21200 [SD NY 2016], affd 666 Fed Appx 26 [2d Cir 2016]).
The two remaining charges pertained to a four-page ex parte email respondent sent to the Hon. Gerald Lebovits in an action entitled Washington v Manhattan Automobile Repair, et al. (New York City Civil Court, New York County). Respondent represented the defendants in that action pro bono, and wrote the email in response to Justice Lebovits's order and decision imposing contempt fines against respondent's client for failing to abide by a court order directing the defendant to return the plaintiff's vehicle to him. In the four-page long email (which he also mailed to Justice Lebovits's chambers), respondent stated, inter alia,
"[y]ou were irritated at the hearing because you thought you could short-circuit most argument in this case without examination of any of the underlying facts by simply ordering a car returned to its apparent owner. I had frustrated that intention by saying that the Plaintiff had been lying to the court and abusing process for so long (in an attempt to rehear the trial of this case) that the only person who knew the answer to your question of where it was, is lying in bed dying of cancer. With the greatest of respect, while you were entitled to be irritated at not having an answer to your question and not being able to dispose of the case easily, you had no jurisdiction to dispose of the case in a way contrary to the interests of one litigant where you had prevented the litigant from putting forth his case through counsel. Especially after explicitly threatening the party's counsel with prison in an order summarily punishing a contempt' you said was committed in the presence of the court'. Where the only ill was an inability to answer a question you had concerning how the Court could ensure that the Plaintiff's original swindle succeeded.
* * *
"That you did not find this inexcusable is an egregious failure for a duly appointed New York judge, - though your failure to do this may arise as a result of intentionally blinding yourself to the mass of evidence in this case so that you could find a (serial litigator of abuse of process actions) Plaintiff a credible witness.
* * *
"Indeed, my affidavit in this very motion, which clearly you had not thought to read demonstrated that the Plaintiff remains in denial about his fraud being uncovered.
* * *
"Even in circumstances where you were intentionally blinding yourself to the facts because of your irritation at my client having terminal cancer, it can never be appropriate to prevent counsel putting forth his client's case in the best manner possible, so that those facts do not come to your attention. Especially where you cannot easily write a judgment on the contempt being alleged because the Plaintiff has brought a contempt motion asking for damages for indecipherable reasons' and did not know whether he was claiming damages (in response to your direct question) until it suited him to do so and still does not seem to know what his damages are or where the contempt is.
"I would respectfully suggest that these are not circumstances where based on that, you should write a judgment pretending that I have made allegations solely to discredit me! Such as the allegation that I had said that the Appellate Term was mistaken in not granting a stay.
* * *
"I would respectfully suggest that the only proper course should be for you to recuse yourself voluntarily and over the handling of the contempt hearing to another judge. I say that a hearing which has not allowed proper input by both parties because the judge has overstepped the mark' and threatened one side's counsel out of acting is not a properly conducted hearing; and any judge who has knowingly presided over such an improper hearing should consider no alternative course but to withdraw his judgment immediately."
Respondent did not file an answer specifically addressing the charges. Rather, he filed a motion to, among other things, transfer the matter to the Third Department. This Court denied the motion, granted the Committee's petition to the extent of deeming the charges admitted on default, and appointed a referee to conduct a hearing as to sanction only.
A sanction hearing was then held, at which the Committee called Justice Lebovits as a witness, and introduced certain documentary evidence. Respondent testified on his own behalf and also introduced a documentary exhibit into the record. Although the merits of the charges were not before the Referee, respondent admitted that he had not paid the sanctions, claimed, without proof, that he had no money to pay them, and accused Justice Kornreich of conducting an ex parte sanction proceeding, conspiring against him, and dishonesty.
In post-hearing briefs the Committee argued for at least a two-year suspension with reinstatement conditioned on payment of the sanctions that Justice Kornreich had imposed. Respondent claimed that he was entitled to monetary damages from the Committee and other parties based on alleged improper conduct. The Referee issued a report in which he adopted the Committee's suggested sanction. He noted that during respondent's cross- examination of Justice Lebovits at the sanction hearing, he did not offer an apology for his conduct, further attacked Justice Lebovits's handling of, and decision in, the Washington action, raised his voice to Justice Lebovits in an attempt to intimidate him, and repeatedly failed to refer to him by his [*2]judicial title. The Referee further related that respondent attacked the Committee during his testimony, claiming that the charges brought against him were the result of bias and corruption, and claimed that he was a victim of the misuse of the disciplinary system and, thus, he should be awarded compensatory damages. The Referee acknowledged that respondent had no prior disciplinary history (other than a suspension for failure to meet his attorney registration obligations, which he eventually did). Nevertheless, the Referee found that respondent failed to present any mitigation and, notably, that his presentation at the sanction hearing aggravated his previously determined misconduct.
Now, by motion pursuant to 22 NYCRR 603.8-a(t) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b), the Committee moves for an order affirming the Referee's sanction report in full. Respondent opposes. The Committee argues that a two-year suspension is the "minimum appropriate sanction" based on respondent's refusal to pay the sanctions, his efforts to frustrate enforcement thereof by commencing a fraudulent conveyance action that lacked merit, his failure to acknowledge his misconduct, and his lack of remorse.
While respondent's misconduct in toto, as well as the factors in aggravation and the lack of mitigation warrant a suspension, the two years recommended by the Referee is excessive and not supported by our precedents and those of the other Judicial Departments. This Court has imposed suspensions of less than two years for similar misconduct (see e.g. Matter of Teague, 131 AD3d 268 [1st Dept 2015], appeal dismissed 26 NY3d 959 [2015], lv denied 26 NY3d 912 [2015]; Matter of Sondel, 111 AD3d 168 [1st Dept 2013]; Matter of Aretakis, 57 AD3d 1160 [3d Dept 2008], appeal dismissed, lv denied 11 NY3d 919 [2009]; Matter of Kingsley, 14 AD3d 20 [4th Dept 2004]; Matter of Mordkofsky, 232 AD2d 863 [3d Dept 1996], appeal dismissed 89 NY2d 983 [1997] lv denied, 89 NY2d 817 [1997]).
Matter of Davey (111 AD3d 207 [1st Dept 2013]) and Matter of Chiofalo (78 AD3d 9 [1st Dept 2010]), each of which imposed two-year suspensions, and which are relied upon by the Referee and the Committee, are distinguishable. Unlike in those proceedings, respondent's misconduct did not involve repeated offensive statements to multiple parties (including a physical threat to opposing counsel, as in Chiofalo, or a campaign of frivolous litigation, as in Davey). A one-year suspension is an appropriate sanction for respondent's misconduct. Accordingly, the Committee's motion to confirm the Referee's findings of fact and conclusions of law should be granted, the recommended sanction disaffirmed, respondent suspended from the practice of law for a period of one year effective 30 days from the date hereof, with reinstatement conditioned on respondent fully satisfying the fines and sanctions imposed upon him in Steinberg v Queens Import Motors, et al., in addition to complying with the rules for reinstatement promulgated by this Court.
All concur.
Order filed. [December 11, 2018]
Committee's motion is granted to the extent of affirming the Referee's findings of fact and conclusions of law. The sanction recommendation is disaffirmed and respondent is suspended from the practice of law in the State of New York for a period of one year, effective January 10, 2019, and until further order of this Court, with reinstatement conditioned on respondent fully satisfying the fines and sanctions imposed on him in Steinberg v Queens Import Motors, et al, in addition to the rules for reinstatement promulgated by this Court.



Footnotes

Footnote 1: This Court dismissed respondent's article 78 petition challenging the sanctions (Matter of Steinberg v Kornreich, 63 AD3d 634 [1st Dept 2009]) and affirmed Judge Kornreich's sanction decision (Steinberg v Queens Import Motors, 74 AD3d 493 [1st Dept 2010]).